THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>SARAH RAE MOSMILLER,<br><br>                    Defendant. | CR-21-84-GF-BMM<br><br>**ORDER** |

Defendant Sarah Rae Mosmiller has moved for early termination of her term of probation. (Doc. 35.) The Court conducted a hearing on the motion on March 18, 2024. (Doc. 38.) The Government raised no objections to terminating Mosmiller's probation early. (Doc. 35 at 1–2.) The Court advised Mosmiller that the Court would grant Mosmiller's motion once Mosmiller paid her restitution in full. (Doc. 38.)

Mosmiller pleaded guilty to Acquiring or Obtaining a Controlled Substance by Misrepresentation, Fraud, Forgery, Deception, or Subterfuge in violation of 21 U.S.C. § 843(a)(3). (Doc. 24; Doc. 26.) The Court sentenced Mosmiller to three years of probation on July 7, 2022. (Doc. 31.)

Federal law authorizes a defendant to move for termination of their probation after successfully completing one year if the Court is satisfied that such action remains "warranted by the conduct of the defendant and the interest of justice." 18

U.S.C. § 3564(c). The Court must consider the factors in 18 U.S.C. § 3553(a) when evaluating whether to terminate a term of probation. *Id.*

The Court finds that the factors in 18 U.S.C. § 3553(a) support an early termination of Mosmiller's probation. Adequate punishment has been imposed that reflects the seriousness of Mosmiller's offense. Mosmiller has completed approximately one year and ten months, or 61%, of her term of probation. Her term is set to expire on July 6, 2025. (Doc. 36 at 2.) Mosmiller also has paid a $5,000 fine and $1,994 in restitution. (Doc. 39-1.)

Adequate deterrence appears to have been achieved, and supervision does not appear necessary to protect the public from further criminal behavior. Mosmiller's probation officer has reported that Mosmiller has "had no issues and has been employed throughout [her term of probation]." (Doc. 36 at 2.) The Court has received no reported violations. Mosmiller has maintained compliance with the law and the financial obligations imposed as part of her sentence. (Doc. 39-1.) Mosmiller reports that she has "create[d] a stable, positive, and certainly crime free life" for herself throughout her time on probation. (Doc. 36-1 at 1.)

Mosmiller's needs for programming and treatment also appear to have been satisfied. Mosmiller has engaged in addiction counseling and psychiatric treatment. (*Id.*) Mosmiller's addiction counselor describes Mosmiller as "polite, [a] hard worker, and also willing to help when needed." (*Id.* at 2.) Mosmiller also has joined

a spiritual community that she credits with helping her take control of her life and "reconcile with the past." (*Id.* at 1.) Mosmiller's substance use disorder played a substantial role in her offense. Mosmiller has received and continues to receive treatment for her addiction that allows her to maintain a sober, law-abiding lifestyle. The early termination of Mosmiller's probation comports with the § 3553(a) factors and proves "warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c).

Accordingly, **IT IS HEREBY ORDERED** that Mosmiller's Motion for Early Termination of Probation (Doc. 35) is **GRANTED**.

DATED this 29th day of April, 2024.

_____
Brian Morris, Chief District Judge
United States District Court